UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,                    Case No. 1:08-cr-270

v.                                                    HON. JANET T. NEFF

JEROME JOE WATKINS,

    Defendant-Movant.
_____/

**OPINION**

       This matter is before the Court on Jerome Joe Watkins' "Motion to Vacate Sentence under Title 28 U.S.C. § 2255(e) 'Savings Clause' to Test the Legality of Detention " (Dkt 40). Defendant claims that the Court miscalculated his sentence under the Sentencing Guidelines, and he seeks relief in the form of a reduced sentence. The Government has filed a detailed Response in Opposition (Dkt 41), requesting dismissal on the grounds that (1) Watkins' motion is untimely, (2) Watkins waived his right to file a § 2255 motion attacking his sentence pursuant to his Plea Agreement, and (3) his motion raises non-constitutional sentencing challenges that are not cognizable on collateral review. For the reasons stated by the Government, as discussed below, Watkins' motion is properly denied.

**I. BACKGROUND**

       Watkins was arrested by Muskegon Heights Police Department following a traffic stop and ensuing foot chase. He was charged in a three-count federal Indictment that alleged: (1) possession with intent to distribute marijuana, (2) felon in possession of a firearm (.40 caliber pistol), and (3)

carrying a firearm during and in relation to a drug trafficking crime. Watkins entered into a written Plea Agreement, which required him to plead guilty to Count Two of the Indictment, felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt 21, Plea Agreement ¶ 1). In the Plea Agreement, the United States agreed to dismiss the remaining counts (*id.* ¶ 7(A)), and Watkins agreed to cooperate and to waive his right to file a direct appeal or collaterally attack his conviction or sentence (*id.* ¶¶ 6, 12). Watkins specifically acknowledged in the Plea Agreement that he "knowingly waives the right to appeal any sentence that is at or below the maximum guideline range, as determined by the Court at sentencing, and the manner in which the sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, or any ground whatsoever" (*id.* at ¶ 12). He also acknowledged: "The Defendant also waives the right to challenge such a sentence and the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, § 2255 (except a challenge that goes to the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel)" *(id.)*.

At a change of plea hearing on February 13, 2009, Watkins entered into the Plea Agreement expressly acknowledging that he understood he was giving up his right to collaterally attack his sentence after the time to appeal had expired (Dkt 27 at 27-28). Watkins was sentenced on June 17, 2009 to 96 months imprisonment followed by two years of supervised release and a $100 assessment fee. Judgment was entered on June 18, 2009 (Dkt 34). Watkins did not appeal the Judgment. On September 1, 2010, Watkins filed this Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

## II.  DISCUSSION

### A.  Section 2255 Standards

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "'the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either (1) "cause" excusing his double procedural default and "actual prejudice" resulting from the errors of which he complains or (2) "actual innocence." *Massaro v. United States,* 538 U.S. 500, 504 (2003); *Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Frady,* 456 U.S. 152, 167-68 (1982).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007)

(quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (internal quotations omitted)).

For the reasons stated below, the files and records in this case conclusively show that Watkins is entitled to no relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

### B. Watkins' Motion Untimely

The Government opposes Watkins' motion on the grounds that Watkins did not timely file his motion. A one-year limitation period applies to actions under § 2255, and runs

> from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Because Watkins did not pursue a direct appeal to the court of appeals, his conviction became final on June 28, 2009, when the time for filing an appeal expired. *See Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004). And while Watkins cites Supreme Court cases in his claim that the Court miscalculated under the Sentencing Guidelines, the cited cases, *United States v. Booker*, 543 U.S. 220 (2005); *Begay v. United States*, 553 U.S. 137 (2008); and *Chambers v. United States*, 555 U.S. 122 (2009), were decided before Watkins was

sentenced. Watkins thus cannot avoid the one-year limitation on the grounds of new Supreme Court law.

Watkins' conviction became final on June 28, 2009; thus, he had until June 28, 2010 to file this motion. He did not "file" this motion until August 26, 2010 at the earliest (the date it was signed), well beyond the one-year time bar. Watkins' motion was thus untimely under the limitations period for § 2255 claims and must be dismissed.

### C. Watkins' Motion Waived Pursuant to Plea Agreement

Even if Watkins' motion was not time-barred, he expressly waived his right to collaterally attack his sentence under § 2255 in exchange for dismissal of two of the three counts in his Indictment pursuant to his Plea Agreement. The Court finds no basis for holding the waiver invalid under the circumstances of this case. A review of the record and Watkins' colloquy with the Magistrate Judge in entering his guilty plea to Count Two reflects that his § 2255 waiver was knowing and voluntary.

### D. Watkins' Claims Lack Merit

In any event, Watkins' does not raise proper claims under § 2255. In support of his motion, Watkins argues that the Court miscalculated his Sentencing Guidelines range. His first point is that the Court committed a constitutional error in scoring one of his prior convictions as a crime of violence, contrary to the holding in *United States v. Mosely,* 575 F.3d 603 (6th Cir. 2009). Secondly, Watkins asserts that the Court treated the Sentencing Guidelines as mandatory in violation of the decision of the Supreme Court in *Booker*, *supra*.

The Government argues that these claims should be dismissed because they raise non-constitutional errors, which are not cognizable on collateral review. Watkins' first claim, that the

5

court erred in its calculating one of his prior crimes as a crime of violence, is clearly not a claim that can be raised on collateral review.

> Sentencing challenges generally cannot be made for the first time in a post-conviction § 2255 motion. *See Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996). Normally, sentencing challenges must be made on direct appeal or they are waived. *See United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994).

*Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Watkins' second claim, that the Court treated the advisory Guidelines as "mandatory" in violation of *Booker*, when calculating his criminal history points, also does not present cognizable grounds for review. Watkins presents no evidence that the Court treated the Guidelines as mandatory rather than advisory. He simply argues that the Court erred in its calculations of the base offense level and in enhancements based on his criminal record. This claim, like his first, is waived under *Weinberger, supra*.[1]

### III.  CONCLUSION

Based on the record, and for the reasons stated, Watkins failed to timely file and waived his right to the instant collateral attack on his sentence under § 2255. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 40) is DENIED.

### IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to grant the issuance of a certificate of appealability to Watkins. RULES GOVERNING § 2255 CASES, Rule 11. The Court

---

[1] Further, these claims are encompassed by the waiver in his Plea Agreement. *United States v. Villanueva*, 249 Fed. Appx 413, 414, 417 (6th Cir. 2007) (post-*Booker* claim that the Guidelines were treated as mandatory, resulting in sentencing error, was barred by the waiver provision in the plea agreement that waived the right to appeal any sentence at or below the maximum guideline range).

must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. The Court determines that this standard is not met because reasonable jurists could not find it debatable that Watkins' motion is time-barred and that he waived his right to recourse under § 2255.

Similarly, with regard to a decision on the merits of a claim, to warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. To the extent that Watkins' claims would be rejected on the merits, the Court holds that reasonable jurists could not find that such dismissal was debatable or wrong.

As such, a certificate of appealability is DENIED as to each issue.

An Order consistent with this Opinion will enter.

DATED:  July 25, 2011                                 /s/ Janet T. Neff                        
                                                                    JANET T. NEFF
                                                                    United States District Judge